Jon T. Pearson (10182)
Jenapher Lin (14233)
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
702.669.4600
702.669.4650 fax
jtpearson@hollandhart.com
jlin@hollandhart.com

*Counsel for Plaintiff-Counterdefendant*
*NLRK LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NLRK LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Indoor Ag-Con LLC; Nancy Hallberg; Kris Sieradzki; and Brian Sullivan,<br><br>　　　　　Defendants.<br><br>And All Related Matters. | Case No. 3:21-cv-00073-LRH-WGC<br><br>**Stipulated Concerning Protocol for Conducting Remote Depositions** |

The parties in the above-captioned matter submit this Stipulation and Order relating to a protocol for conducting depositions using remote video conference, recording, and screensharing technology, such as Zoom or other comparable applications ("Remote Deposition Protocol"). For the avoidance of any doubt, this protocol, subject to approval by this Court, will be followed by the parties for all depositions to allow all parties, and their respective counsel and representatives to participate in each deposition remotely, regardless of whether the deponent requests their deposition to occur remotely or in person. If there are disagreements, the appropriate relief may be sought with the applicable court.

　　　　1.　　All depositions that will be conducted remotely will be conducted using videoconference technology, and each deponent will be video-recorded.

　　　　2.　　The party noticing the deposition will be responsible for arranging the court

reporting, videoconference, and remote deposition services ("Platform") consistent with the Remote Deposition Protocol.[1]  The parties agree that an employee or employees from the court reporting and videoconference provider may attend each deposition remotely to video record the deposition, troubleshoot any technological issues that may arise, and to make available and administer the virtual breakout rooms.

       3.       The parties agree that video-recorded depositions that comply with this Remote Deposition Protocol, may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing.  The Parties also agree not to object to the use of these video recordings on the basis that the deposition was taken remotely.  The parties reserve all other objections to the use of any deposition testimony at trial or hearing.

       4.       If all counsel and the deponent agree that the deposition should occur remotely, the deponent, court reporter, and counsel for the parties will each participate in the videoconference deposition remotely and separately.  Each participant will use a separate computer, with an equipped camera and microphone, and each participant will be in a separate physical location.  Notwithstanding the above, nothing contained in this Remote Deposition Protocol prevents multiple counsel from the same firm participating in the deposition in the same physical location, using the same computer or videoconferencing device, provided COVID-19 safeguards are in place.  Similarly, if all counsel and the deponent are unable to agree that the deposition should occur remotely, nothing contained in this Remote Deposition Protocol prevents counsel from being in the same physical location as the witness, provided that counsel and the witness agree to participate in-person.  Finally, nothing contained in this Remote Deposition Protocol prevents any counsel form participating remotely in any deposition, even if the witness and other counsel wish to proceed in-person.  Parties have the right, but not the obligation, to attend any deposition in person when the deponent chooses to proceed in person.  The fact that the deponent chooses to proceed in person does not change the obligation for counsel conducting the deposition ("Deposing Counsel") to comply with the Remote Deposition Protocol, and arrange for videoconference and

---

[1] The parties have agreed to solicit bids to determine whether they should just use the same court reporting and videoconference provider for all depositions.

2

screensharing technology for those attorneys, clients, and client representatives that do not attend the deposition in person.

5. Remote depositions will also be recorded by stenographic means consistent with the requirements of Federal Rule 30(b)(3), but given the COVID-19 pandemic, the court reporter may not be physically present with the witness whose deposition is being taken. The parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

6. The court reporter will stenographically record the testimony, and the court reporter's transcript will constitute the official record. The retained videographer will simultaneously videotape record audio and video during the deposition, and preserve the recording. The court reporter may be given a copy of the recording, and may review the recording to improve the accuracy of any written transcript.

7. The parties agree that the court reporter is an "Officer" as defined by Federal Rule 28(a)(2), and will be permitted to administer the oath to the witness through the Remote Deposition Protocol. The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on the video record.

8. Deposing Counsel is responsible for obtaining a written transcript, video and audio record of the remote deposition. The parties bear their own costs in obtaining a transcript or video record of the deposition.

9. Deposing Counsel will serve a copy of the Remote Deposition Protocol on the deponent. At the beginning of each deposition, consistent with Federal Rule 30(b)(5)(A), the employee responsible for video-recording the deposition must begin the deposition with an on-the-record statement that includes: (a) the officer's name and company affiliation; (b) the date, time, and place of the deposition; (c) the deponent's name; (d) the officer's administration of the oath or affirmation to the deponent; and (e) the identity of all persons present.

10. At the beginning of each segment of the deposition, consistent with Federal Rule 30(b)(5)(B), the employee responsible for video-recording the deposition will begin that segment of the remote deposition by reciting (a) the officer's name and business address; (b) the date, time,

3

and place of the deposition; and (c) the deponent's name.

11. Within seven actual days of service of a Federal Rule 45 subpoena, Deposing Counsel will, in consultation with deponent's counsel, if any: (a) inform the deponent of the chosen Platform; (b) resolve any logistical issues; and (c) confirm whether the deponent would prefer to conduct the deposition from the deponent's home or whether the deponent would prefer to travel to an office or other convenient location. If the deponent prefers to travel to an office location, Deposing Counsel will, if requested by the deponent, secure an acceptable office location for the deposition. Deposing Counsel, however, must notify all counsel of record of these arrangements at least five actual days before the date of the deposition, and if the deponent intends to travel to Deposing Counsel's office, counsel of record is permitted but not required to participate in the deposition at Deposing Counsel's office.

12. Each party to the deposition will take the following steps at least three days before the deposition to ensure that its visual and audio connection to the Remote Deposition Protocol application is sufficient by ensuring that on the day of the deposition (a) it will have access to a computer with (i) an internet connection with no less than 5 megabit per second upload and download speeds and (ii) functioning web-camera; and (b) it will have use of a telephone to transmit audio to the Platform during the deposition if computer speakers and connectivity are inadequate on their own to transmit audio to the platform.

13. At least three days before the deposition, each party and its counsel will also test its ability to connect and upload exhibits to the Platform.

14. All counsel and deponents are responsible for having their own device with a camera and microphone, and for having the correct software installed as outlined below. Counsel for the deponent is responsible for ensuring that the deponent has an appropriate device with a camera and microphone, and, if necessary, is responsible for providing a device to the deponent for the deposition while taking all necessary safety precautions regarding delivery of the same.

15. In the event that a deponent's camera stops working, Deposing Counsel may either continue to conduct the deposition solely by telephone or reschedule.

16. Deposing Counsel will provide a list of all participants, including their email

4

addresses ("Participant List"), for the deposition to the host no later than two business days before the scheduled commencement of the deposition. The Participant List will be used by the host to determine access to the Remote Deposition Protocol application.

17. No counsel will initiate a private conference, including through text message, electronic mail, or the chat feature in the Platform, with any deponent while a question is pending except for the purpose of determining whether a privilege should be asserted.

18. During breaks in the deposition, the parties may use the breakout room feature provided by the court reporter, which simulates a live breakout room through videoconference. Conversations in the breakout rooms will not be recorded. The breakout rooms will be established by the court reporter before the deposition, and controlled by the court reporter. If more convenient, the parties may use other methods of communications during breaks in the deposition.

19. All participants, with the exception of Deposing Counsel and the testifying witness, shall have their microphones on mute, unless asserting an objection or otherwise speaking. Any attorney who speaks during the deposition must start by stating their name, and the party or parties represented by their firm.

20. All parties must act in good faith to fulfill the letter and spirit of this Remote Deposition Protocol. If any issues relating to a specific deposition or this Remote Deposition Protocol cannot be resolved consensually, the parties may seek a telephonic hearing with the applicable court on an expedited basis, subject to the applicable court's availability.

21. The parties agree to the following methods for administering exhibits during a remote deposition, or a combination of one or more methods:

    a. Deposing Counsel may mail or hand deliver physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, counsel for the other parties in this action, and the court reporter. Before mailing or hand delivering the documents, Deposing Counsel will inform the deponent's counsel, counsel for the other parties in this action, and the court reporter, and will provide tracking information for the package, if applicable. Documents must be delivered by 12:00 p.m. (prevailing Pacific time) the business day before the deposition. Counsel for the deponent,

5

counsel for the other parties in this action, and the court reporter must confirm receipt of the package by electronic mail to the Deposing Counsel. If physical copies are mailed or hand delivered, every recipient must keep the package sealed until the deposition begins, and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the Deposing Counsel. The same procedure applies to any physical copies of documents any other counsel intends to use for examining the witness.

      b.      Deposing Counsel may also choose to send a compressed .zip file of the documents that may be used during the deposition by electronic mail to the deponent, the deponent's counsel, counsel for the other parties in this action, and the court reporter. The .zip file must be delivered by 12:00 p.m. (prevailing Pacific time) the business day before the deposition. Counsel for the deponent, counsel for the other parties in this action, and the court reporter must confirm receipt of the .zip file by electronic mail to Deposing Counsel. The .zip file must be password protected, and Deposing Counsel must provide the password by electronic mail immediately before the commencement of the deposition. Every recipient of a .zip file shall not open the .zip file until the deposition begins, and when directed to do so by Deposing Counsel. If sending documents by electronic mail, Deposing Counsel must be mindful of file size limitations, which presumptively should be less than 25 MB.

      c.      Deposing Counsel may also introduce exhibits electronically during the deposition, by using the court reporting company's document-sharing technology, by using the screensharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record by electronic mail.

22.      Deposing Counsel will identify each document by Bates number, and will ask the court reporter to mark the exhibit as identified by Deposing Counsel.

23.      The court reporter or Deposing Counsel must display the exhibit on the video monitor using a split screen option (the deponent on one side of the screen and document on the other) while questions are being asked about the document.

24.      The deponent must be given adequate time to read any document, regardless of

6

whether the documents was provided as a hard copy or solely electronically displayed, before being asked questions regarding the document. If Deposing Counsel believes a deponent is taking too much time to review, Deposing Counsel may object and if additional time is necessary, the parties may either stipulate or the applicable court will rule on any motion seeking additional time for a deponent.

26. Counsel for the parties may keep any document or exhibit used during the deposition, consistent with the Protective Order Governing Confidential Information dated December 17, 2019 ("Protective Order") entered in this case.

26. Deposing Counsel will provide any counsel for third-party witnesses with a copy of the Protective Order. Counsel for third-party witnesses may keep any document used during the deposition in accordance with the Protective Order, and must return any documents not used during the deposition to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner. Deposing Counsel must provide a pre-paid return shipping label in any package of documents mailed to a deponent.

///

27. All other matters related to depositions conducted by Deposing Counsel are governed by the Federal Rules of Civil Procedure, or any other applicable rules and law.

Dated: May 21, 2021

| | |
|---|---|
| /s/ *Jon T. Pearson* | /s/ *Theresa Mains* |
| Jon T. Pearson | Theresa Mains |
| Jenapher Lin | Jeffrey J. Whitehead |
| HOLLAND & HART LLP | WHITEHEAD & BURNETT |
| 9555 Hillwood Drive, 2nd Floor | 6980 O'Bannon Drive |
| Las Vegas, NV 89134 | Las Vegas, NV 89117 |
| *Counsel for Plaintiff-Counterdefendant NLRK LLC* | *Counsel for Defendants-Counterclaimants Indoor Ag-Con LLC; Nancy Hallberg; Kris Sieradzki; and Brian Sullivan* |

**Order**

**IT IS SO ORDERED**.

*William G. Cobb*
U.S. MAGISTRATE JUDGE

Dated: May 21, 2021

16688855_v1

8