Jon T. Pearson (10182)
Jenapher Lin (14233)
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
702.669.4600
702.669.4650 fax
jtpearson@hollandhart.com
jlin@hollandhart.com

*Counsel for Plaintiff-Counterdefendant
NLRK LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NLRK LLC, <br><br> Plaintiff, <br><br> v. <br><br> Indoor Ag-Con LLC; Nancy Hallberg; Kris Sieradzki; and Brian Sullivan, <br><br> Defendants. <br><br> And All Related Matters. | Case No. 3:21-cv-00073-LRH-WGC <br><br> **Stipulated Protective Order Governing Confidential Information** |

In the interests of (i) ensuring an efficient and prompt resolution of the above-captioned matter; (ii) facilitating discovery by the parties litigating this matter; and (iii) protecting the parties' and non-parties' confidential information from improper disclosure or use, and in accordance with Rule 26(c)(7) of the Federal Rules of Civil Procedure, the above-captioned parties stipulate and agree that the handling of confidential material in these proceedings shall be governed by the provisions set forth below (this "**Protective Order**").

1. **DEFINITIONS**

    1.1. "**Challenging Party**" refers to a party or non-party that challenges the designation of information or items under this Protective Order.

    1.2. "**Confidential Information**" refers to any information (regardless of how it is generated, stored, or maintained) or tangible things that are not publicly available or are of a highly

1

sensitive and personal nature and qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure, and in accordance with applicable laws, statutes, or regulations. Examples of "Confidential Information" include, but are not limited to: (i) an individual's Social Security number, taxpayer identification number, financial account number, driver's license number, state- or federal-issued identification number, passport number, or information disclosing an individual's income, assets, credit history, or bank account information; (ii) date of birth (other than year); (iii) employment personnel files, employee benefits data, wage statements or earnings statements; and (iv) any sensitive health information identifiable by individual, such as an individual's medical or mental health records.

1.3. "**Designating Party**" refers to a party or non-party that designates Discovery Material as "Confidential."

1.4. "**Discovery Material**" refers to all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.5. "**Privileged Information**" refers to any Discovery Material that a party or non-party claims should not be disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine.

1.6. "**Producing Party**" refers to a party or non-party who has expressly agreed in writing to be bound by the terms of the Protective Order that produces Discovery Material in this action.

1.7. "**Protected Material**" refers to any Discovery Material designated as "Confidential."

1.8. "**Receiving Party**" refers to a party that receives Discovery Material from a Producing Party.

**2. SCOPE**

2.1. The protections conferred by this Protective Order cover not only Protected Material, but also (i) any information copied or extracted from Protected Material; (ii) all copies,

2

excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by the parties or their counsel that might reveal Protected Material.

  2.2. The protections conferred by this Protective Order, however, do not cover the following information or materials that:

    2.2.1. were lawfully in the Receiving Party's possession before such information being designated as Confidential Information in this action, and that the Receiving Party is not otherwise obligated to treat as confidential;

    2.2.2. were obtained, without any benefit or use of Confidential Information, from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;

    2.2.3. were independently developed after the time of disclosure by personnel who did not have access to the Producing Party's Confidential Information;

    2.2.4. have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

    2.2.5. under law, have been declared to be in the public domain.

  2.3. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**3. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (i) dismissal of all claims and defenses in this action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**4. DESIGNATING PROTECTED MATERIAL**

  4.1. **<u>Designation of Information</u>**: Any Producing Party may designate Discovery Material that is in its possession, custody, or control to be produced to a Receiving Party as

"Confidential" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential information as defined herein. Any Receiving Party that receives Discovery Material with no confidentiality designation may ask the Producing Party that the Discovery Material be designated "Confidential." If Confidential Information is produced via an electronic form on a computer readable medium (e.g., DVD-ROM), other digital storage medium, or via Internet transmission, the Producing Party shall affix in a prominent place on the storage medium or container file on which the information is stored, and on any container(s) for such medium, the legend "Includes Confidential Information."

4.2. **Exercise of Restraint and Care in Designating Material for Protection**: Each Producing Party that designates, or Designating Party that proposes to designate, information or items for protection under this Protective Order must take care to limit any such designation or proposal to specific material that qualifies under the appropriate standards. Mass, indiscriminate or routinized designations are prohibited. The Producing Party must designate, or the Designating Party must propose, for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

4.3. **Belated Designation of Confidential Information**. If a Producing Party determines in good faith and in accordance with Section 4.2 above that any documents, things, or responses previously produced in the course of discovery in this action should be designated as Confidential Information, but were not so designated at the time of production, it shall advise any party who has received such material of this fact, and all copies of such document, things, or responses, or portions thereof deemed to be confidential shall be marked "Confidential" (whether produced in hard copy or electronic form) at the expense of the Producing Party and treated as such by all recipients. The Producing Party may inform the recipients that a document is Confidential by providing the Bates number of the document in writing.

4.4. **Inadvertent Failure to Designate**. The inadvertent failure to designate

information produced in discovery as Confidential shall not be deemed, by itself, to be a waiver of the right to so designate such Discovery Materials as Confidential Information. Within a reasonable time of learning of any such inadvertent failure, the Producing Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it, in accordance with Section 4.3. Disclosure of such Discovery Materials to any other person before later designation of the Discovery Materials in accordance with this Section and Section 4.3 shall not violate the terms of this Protective Order. However, immediately upon being notified of an inadvertent failure to designate, all parties shall treat such information as though properly designated and take any actions necessary to prevent any unauthorized disclosure subject to the provisions of Section 6.

**5.     ACCESS TO AND USE OF PROTECTED MATERIAL**

5.1.     **Use of Confidential Information**. Except as provided herein, Confidential Information shall not be disclosed to anyone other than those persons identified herein in Sections 5.3 and 11.3, and shall be handled in such manner until such designation is removed by the designating party or by order of the Court. Nothing in this Protective Order shall preclude a party or other person from using his, her, or its own Confidential Information or from giving others his, her, or its Confidential Information.

Once the Court enters this Protective Order, a party shall have 30 days to designate as Confidential any documents previously produced in this action, which it can do by stamping "Confidential" on the document, or informing the other parties of the Bates-numbers of the documents so designated, in accordance with Section 4.3.

If "Confidential" information in the possession, custody, or control of any Receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have the right to seek such information by compulsory process or discovery request, including private parties, the Receiving Party to whom the process or discovery request is directed shall: (i) within five-calendar days after receipt thereof and, if permitted by the time allowed under the

5

request, at least five-calendar days before any disclosure, give written notice by hand delivery, facsimile, or email of such process or discovery request together with a copy thereof, to counsel for the Designating Party so that the Designating Party may have an opportunity to appear and be heard on whether the requested information should be disclosed; (ii) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party with respect to such process or discovery request; and (iii) only make production or disclosure of such information designated as "Confidential" if the Designating Party consents in writing to production or if the Designating Party fails to move for a protective order or similar relief within the time allowed by the court, administrative body, or tribunal with jurisdiction over the process or request. All documents and information designated as "Confidential" that are produced in other proceedings, however, must be produced subject to the terms of this Protective Order or any other protective order provided that such terms are materially similar.

5.2. **Use of Confidential Information in Depositions**. Counsel for any party shall have the right to disclose Confidential Information at depositions, provided that such disclosure is consistent with this Protective Order, including Section 5.3. Any counsel of record may request that all persons not entitled under Section 5.3 of this Protective Order to have access to Confidential Information leave the deposition room during the confidential portion of the deposition. Failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question where the answer would disclose Confidential Information.

Nothing in this Protective Order, however, shall preclude a party or its attorneys from: (i) showing a document designated as Confidential to an individual who prepared part or all of the document, who has previously reviewed the document, or who is shown by the document to have received it, or (ii) examining during a deposition any person currently employed by a party or retained as an expert by a party concerning any Discovery Materials designated by that party as Confidential, which use shall not otherwise affect the status and treatment of such Confidential Information.

Additionally, at any deposition session, counsel to any party (or non-party subject to this

6

Protective Order) may designate portions of a deposition transcript and/or video of any deposition (or any other testimony) as containing Confidential Information in accordance with this Protective Order by a statement on the record during the deposition or by notifying all other parties in writing, within 30 calendar days of receiving the transcript or video that it contains Confidential Information and designating the specific pages, lines, and/or counter numbers as containing Confidential Information. If a designation is made via a statement on the record during a deposition, counsel must follow up in writing within 30 calendar days of receiving the transcript or video, identifying the specific pages, lines, and/or counter numbers containing the Confidential Information. If no confidentiality designations are made within the 30 calendar day period, the entire transcript shall be considered non-confidential.

During the 30-day period, the entire transcript and video shall be treated as Confidential Information. All originals and copies of deposition transcripts that contain Confidential Information shall be prominently marked "Confidential" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be requested to be filed under seal. Counsel must designate portions of a deposition transcript as "Confidential" within 30 calendar days of receiving the transcript. Any DVD or other digital storage medium containing Confidential deposition testimony shall be labeled in accordance with the provisions of Section 4.3. The provisions set forth in Section 6 shall govern resolution of disputes over confidentiality designations regarding deposition transcripts.

5.3. **<u>Persons Authorized to Receive Confidential Information</u>**. Confidential Information produced in accordance with this Protective Order may be disclosed or made available only to the Court, court personnel, and to the persons below:

    5.3.1. A party, or officers, directors, and employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    5.3.2. Counsel for a party and its affiliates (including in-house attorneys, outside attorneys, and paralegal, clerical, litigation support staff, and secretarial staff employed by such counsel);

    5.3.3. An entity retained by a party to provide litigation support services

(photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and its employees;

   5.3.4. Outside experts or consultants (together with their support staff) retained by a party to assist in the prosecution, defense, or settlement of this action, provided that such an expert or consultant is not a current employee of a direct competitor of a party named in this action;

   5.3.5. Court reporter(s) or videographers(s) employed in this action;

   5.3.6. A witness at any deposition or other proceeding in this action (i) to whom Confidential Information may be provided as set forth in Section 5.2; (ii) to whom the Producing Party agrees may be shown certain Discovery Materials designated as Confidential Information; or (iii) who executes a copy of **Exhibit A**;

   5.3.7. Any ESI vendor, translator(s), or interpreter(s) employed in this action;

   5.3.8. Any other person as to whom the parties in writing agree or that the Court in these proceedings designates; and

   5.3.9. Jury consultants or trial consultants retained by or on behalf of a party to assist counsel for any party in connection with this litigation, together with technicians, assistants, or mock jurors who (i) are supervised by such consultants; (ii) are not affiliated with any party to this case or their direct competitor; (iii) agree in writing to be bound by confidentiality; and (iv) are not themselves given custody of any Confidential Information, nor permitted to retain or remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted.

Any person to whom Confidential Information is disclosed in accordance with subparts of Section 5.3 above shall be advised that the Confidential Information is being disclosed in accordance with an order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information in accordance with this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. Any person to whom Confidential Information is disclosed in accordance with subpart 6.3.3 through 6.3.9 above shall also be required to execute a

8

copy of the form **Exhibit A**. The persons shall agree in writing to be bound by the terms of this Protective Order by executing a copy of **Exhibit A** (which shall be maintained by the counsel of record for the party seeking to reveal the Confidential Information) in advance of being shown the Confidential Information. No party (or its counsel) shall discourage any persons from signing a copy of **Exhibit A**. If a person refuses to execute a copy of **Exhibit A**, the party seeking to reveal the Confidential Information may seek an order from the Court directing that the person be bound by this Protective Order. In the event of the filing of such a motion, Confidential Information may not be disclosed to such person until the Court resolves the issue. Proof of each written agreement provided for under this Section shall be maintained by each of the parties while this action is pending and disclosed to the other parties if ordered to do so by the Court.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. **Timing of Challenges**. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. **Meet and Confer**. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging, specifying the item(s) by Bates number, and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. A Receiving Party may likewise object to the non-designation of Discovery Material on the ground that such Discovery Material constitutes Confidential Information and should be so designated by serving written notice upon counsel for the Producing Party, specifying the item(s) by Bates number, and describing the basis for each challenge.

The parties shall attempt to resolve each objection in good faith through a meet and confer to be initiated by the objecting party within 14 days of the date of service of the notice. If the

9

parties cannot resolve a challenge without court intervention, the party asserting confidentiality shall file and serve a motion to retain confidentiality (in the case of an objection to a Confidential designation), or invoke confidentiality (in the case of an objection to non-designation) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the party asserting confidentiality to make such a motion within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the party asserting confidentiality. Unless the party asserting confidentiality has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall afford the material in question the protection proposed by any party until the Court rules on the motion.

**7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Protective Order, seeking materials which were produced or designated as Confidential in accordance with this Protective Order, the Receiving Party shall give prompt actual written notice by email or mail to counsel of record for such Producing Party within five business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide other parties with the opportunity to object to the immediate production of the requested Discovery Materials to the extent permitted by law. The burden of opposing enforcement of the subpoena shall fall upon the party or non-party who produced or designated the Discovery Material as Confidential Information. Unless the party or non-party who produced or designated the Confidential Information obtains an order directing that the subpoena not be complied with and serves such order upon the Receiving Party before production in accordance with the subpoena, the Receiving Party shall be permitted to produce documents responsive to the subpoena on the subpoena response date. Compliance by the Receiving Party with any order

10

directing production in accordance with a subpoena of any Confidential Information shall not constitute a violation of this Protective Order. Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## 8. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within 10 calendar days, the non-party either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection. Any non-party invoking the Protective Order shall comply with, and be subject to, all other applicable sections of the Protective Order.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If any party learns of any unauthorized possession, knowledge, use or disclosure of any Confidential Information, the party shall immediately notify in writing the other parties. The party learning of such unauthorized possession, knowledge, use or disclosure shall promptly furnish the other parties with the full details of such possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or disclosure the parties shall work cooperatively to prevent its recurrence.

## 10. INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION OR OTHERWISE PROTECTED MATERIAL

10.1. **No Waiver of Privilege**. Disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in the Litigation.

10.2. **Effect of Disclosure of Privileged Information**. The Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by Producing Party upon request; provided, however, that such return, sequester, or destruction shall

11

not constitute a waiver of any objection or opposition the Receiving Party may wish to raise with regard to the applicability of the asserted privilege. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Producing Party and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this Section shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in this action.

**11. MISCELLANEOUS**

11.1. **Right to Further Relief**. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

11.2. **Right to Assert Other Objections**. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order, nor any proceedings in accordance with this Protective Order shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony or other evidence at trial. Additionally, this Protective Order will not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege, work product doctrine, or any other privilege or protection provided under the law. Entry of this Protective Order does not preclude any party from seeking or opposing additional protection for particular information.

11.3. **Filing Protected Material**. Any party seeking to file or disclose materials designated as Confidential Information with the Court in this Action must, concurrently with or before any such filing, seek leave to file such Confidential Information under seal.

11.4. **Attorney's Fees**. Nothing in this Protective Order is intended to either expand or limit a prevailing party's right under the Federal Rules of Civil Procedure or other applicable state law to pursue costs and attorney's fees incurred related to confidentiality designations or the abuse

of the process described herein.

11.5. **Injunctive Relief Available**.  Each party acknowledges that monetary remedies may be inadequate to protect each party in the case of unauthorized disclosure or use of Confidential Information that the Receiving Party only received through discovery in this action and that injunctive relief may be appropriate to protect each party's rights in the event there is any such unauthorized disclosure or use of Confidential Information.

11.6. **Order Survives Termination**.  As set out in Section 3, confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

11.7. **Reservation of Rights**.  The parties each reserve (i) the right to seek or oppose additional or different protection for particular information, documents, materials, items or things; and (ii) the right to object to the production, disclosure and/or use of any information, documents, materials, items and/or things that a Party designates or marks as containing Confidential Information on any other ground(s) it may deem appropriate, including, without limitation, on the ground of attorney-client privilege, work product, and/or any other privilege or protection provided under applicable law.  This Protective Order shall neither enlarge nor affect the proper scope of discovery in this Action.  In addition, this Protective Order shall not limit or circumscribe in any manner any rights the Parties (or their respective counsel) may have under common law or in accordance with any state, federal, or foreign statute or regulation, and/or ethical rule.

## 12. PROCEDURES UPON TERMINATION OF LITIGATION

Within 30 calendar days after the final disposition of any and all claims involving the undersigned parties, all Confidential Information produced by an opposing party or non-party (including, without limitation, any copies, extracts or summaries thereof) as part of discovery in this action shall be destroyed by the parties to whom the Confidential Information was produced, and each counsel shall, by declaration delivered to all counsel for the Producing Party, affirm that all such Confidential Information (including, without limitation, any copies, extracts or summaries thereof) has been destroyed; provided, however, that each counsel shall be entitled to retain

13

pleadings, motions and memoranda in support thereof, declarations or affidavits, deposition transcripts and videotapes, or documents reflecting attorney work product or consultant or expert work product, even if such material contains or refers to Confidential Information, but only to the extent necessary to preserve a litigation file with respect to this action. Nothing in this Section requires a party to destroy Confidential Information produced by that party.

Dated: May 21, 2021

| | |
|---|---|
| /s/ *Jon T. Pearson* | /s/ *Theresa Mains* |
| Jon T. Pearson | Theresa Mains |
| Jenapher Lin | Jeffrey J. Whitehead |
| HOLLAND & HART LLP | WHITEHEAD & BURNETT |
| 9555 Hillwood Drive, 2nd Floor | 6980 O'Bannon Drive |
| Las Vegas, NV 89134 | Las Vegas, NV 89117 |
| | |
| *Counsel for Plaintiff-Counterdefendant NLRK LLC* | *Counsel for Defendants-Counterclaimants Indoor Ag-Con LLC; Nancy Hallberg; Kris Sieradzki; and Brian Sullivan* |

### **ORDER**

Paragraph 11.3 is modified to reflect that any motion regarding filing confidential information and motions to seal shall comply with LR IA 10-5 and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). See also, *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Paragraph 11.6 is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court.

**IT IS SO ORDERED.**

_____
U.S. MAGISTRATE JUDGE

Dated: May 21, 2021

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NLRK LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Indoor Ag-Con LLC; Nancy Hallberg; Kris Sieradzki; and Brian Sullivan,<br><br>        Defendants.<br><br>And All Related Matters. | Case No. 3:21-cv-00073-LRH-WGC<br><br>**Confidentiality Agreement** |

    I, _____ do hereby acknowledge and agree, under penalty of perjury, as follows:

    1.    I have read the Stipulated Confidentiality Agreement and Protective Order ("the Protective Order") entered in *NLRK LLC v. Indoor Ag-Con LLC, et al..,* Case No. 3:21-cv-00073-LRH-WGC on _____, 20\_\_\_\_\_, and I fully understand its contents.

    2.    I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit and subject myself to the personal jurisdiction of the United States District Court, District of Nevada, so that the said court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for knowingly violating the Protective Order, including punishment for contempt of court for a knowing violation of the Protective Order.

    3.    I understand that by signing this instrument, I will be eligible to receive "Confidential Information" under the terms and conditions of the Protective Order. I further understand and agree that I must treat any "Confidential Information" in accordance with the terms and conditions of the Protective Order, and that, if I should knowingly make a disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a court

order, will be in contempt of court, and will be subject to punishment by the court for such conduct.

4. I hereby appoint _____ of _____ (company/firm and address) as my agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated: _____, \_\_\_\_\_.

_____
(Signature)

_____
(Printed Name)

_____
_____
(Address)

16688784_v1

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134