

Theresa Mains, Esq. (13373)
Jeffrey J. Whitehead, Esq. (3183)
**WHITEHEAD & BURNETT**
Jeff@whiteheadburnett.com
Theresa@TheresaMainsPA.com
6980 O'Bannon Drive
Las Vegas, Nevada 89117
(702) 267-6500 Telephone
*Attorneys for Defendants, Counterclaimants and Third Party Claimants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NLRK, LLC,<br><br>                    Plaintiff,<br>vs.<br><br>Indoor Ag-Con, LLC; Nancy Hallberg; Kris Sieradzki; and Brian Sullivan,<br><br>                    Defendants.<br><br>And All Related Claims. | Case No.: 3:21-cv-00073-LRH-CSD<br><br>**ORDER GRANTNG**<br>**STIPULATION AND ORDER TO EXTEND THE CLOSE OF DISCOVERY (SIXTH REQUEST)** |

**STIPULATION AND ORDER TO EXTEND THE CLOSE OF DISCOVERY**
**(SIXTH REQUEST)**

Plaintiff-counter defendant NLRK LLC ("Plaintiff"), and defendants-counterclaimants Indoor Ag-Con LLC, Nancy Hallberg, Kris Sieradzki, and Brian Sullivan ("Defendants," and together with Plaintiff, "Parties") have met and conferred as required by Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and LR 26–1 and stipulate to the extension of the following deadlines and state the following in support. This is the Parties' sixth request to extend the discovery deadlines.

On January 24, 2022, the Parties agreed to and filed their Fourth Stipulation to extend date of discovery. [ECF 40] and on January 25, 2022, this Court granted the Stipulation and updated the Scheduling Order. [ECF 41].

On January 31, 2022, this Court filed an Order granting in part and denying in part NLRK's Motion to Dismiss Counterclaims [ECF 24] and allowed Counter Claimants to file an Amended Counter Claim. [ECF 44]. Counter Claimants filed the Amended Counter Claim on March 2, 2022. [ECF 45]. A responsive pleading and affirmative defenses were served on March 17, 2022.

The parties have also opened a dialogue to entertain settlement discussions. Given that the responsive pleading for the Amended Counter Claim has recently been filed and the corporate representative depositions have not been completed due to conflicts in schedule in the month of April, discovery will need to be extended.

By way of this stipulation the parties stipulate to extend the remaining deadlines for 45 days to align with the current state of this action as discovery is not complete.

**A.     Statement of Remaining and Completed Discovery pursuant to LR 26-3.**

a)     A statement specifying the discovery completed;

Both parties have filed initial disclosures and have supplemented these disclosures with more documents and witnesses accordingly.

On September 10, 2021, Plaintiff has propounded their first requests for production and interrogatories. On November 3, 2021, Defendants served their responses and production and their supplemental production, (Bates INDOOR AG CON 000001-683). On November 11, 2021, Defendants served their second supplement of production, (Bates INDOOR AG CON 000690-744). On November 28, 2021, Defendant served and uploaded their third supplement of production in the Parties' agreed cloud storage DropBox, (Bates INDOOR AG CON 000745-1465).

In December, the parties had individual and Rule 30(b)(6) Depositions scheduled for December 8, 9, 10, and 13, 2021, however the Defendants asked Plaintiff Counsel to reschedule 2 dates due to travel conflicts, which Plaintiff respectfully and courteously accommodated. Thereafter the Parties agreed to re-notice and move all of the depositions to January due to the litigants and counsels' availability due to the holidays as well as agreed to submit the request for a third extension.   As agreed, and as conveyed to this Court, the Parties renoticed the remaining 30(b)(6) and individual depositions for the first and second week of January 2022. And on January 5, 2022, Plaintiff / Counter Defendant NLRK examined Defendant Brian Sullivan.

On January 6, 2022, one week prior to both parties' scheduled Rule 30(b)(6) depositions of the respective corporate representative of Parties, the Parties held a meet and confer due to objections and clarifications sought regarding the noticed areas of inquiry to be examined in the deposition of the corporate representative of NLRK.   As has been consistent in this litigation, the Parties have exercised professional courtesy and compromise with each other regarding the areas and intended scope of discovery to be examined.   Defendant/Counter Claimants re-noticed the Rule 30(b)(6) in accordance with the compromises agreed upon in the meet and confer conference.

Upon re-notice of the remaining depositions scheduled for the following week of January 17, 2022, counsel for the Plaintiff/ Counter Defendant asked to reschedule due to illness.  All Counsel also agreed that the examining areas of inquiry needed more discussion and possible narrowing.  Counsel for Defendants/Counterclaimants complied.

The Parties' have not scheduled the 30(b)(6) depositions as of yet due to the need to extend because of scheduling conflicts in the month of April, therefore the Parties agreed to ask this Court for another extension.

b)    A specific description of the discovery that remains to be completed;

WHITEHEAD & BURNETT
6980 O' Bannon Drive
Las Vegas, Nevada 89117

As stated above, the Parties have met and conferred will be conducting the remaining depositions on party deponents, and have agreed to extend the close of discovery by 45 days subject to the continued agreed-upon conditions:

  i. All Parties will continue the completion their collection and production of documents (including appropriate supplements) and make rolling supplements.

  ii. Plaintiff will review, respond, and subject to any further objections that need discussion, produce responsive documents to Defendants' document requests that were attached to amended notice provided on January 10, 2022.

  iii. The Parties will notice party depositions as soon as possible in the next two weeks:

   a. Individual Defendant (Nancy Hallberg) & Ag-Con's 30(b)(6) designee(s), Nancy Hallberg, (exact date and time be determined in amended notices upon counsel and confirming/coordinating with Parties' availability);

   b. Plaintiff's 30(b)(6) designee(s) Nicola Kerslake (exact date and time be determined in amended notices upon counsel and confirming/coordinating with Parties' availability);

  iv. This Stipulation does not reopen any expired deadlines (*e.g.*, experts; add parties/amend pleadings).

The Parties plan on taking non-party depositions, which have yet to be noticed.

c) Defendants continue to plan to file leave of court to amend the Counterclaims as Plaintiff has not filed an answer or affirmative defenses to the Counterclaims. Plaintiff has not agreed or stipulated to any amendment by Defendants and expressly reserves all rights and challenges. The 45-day extension to the close of discovery will, at minimum, allow the Parties time to take party depositions pursuant to their agreed-upon schedule and terms.

d) There exists good cause to extend the discovery deadlines

Requests for extensions of time must be supported by a showing of good case pursuant to LR 26-3. In this case the close of discovery is April 25, 2022. However, due to the re-noticing after the meet and confer, the recent filing of the Amended Counter Claims, outstanding discovery is still remaining and the additional time needed for the party and non-party depositions. Counsel have met and conferred and have agreed that the additional 45 days will allow for sufficient time for the parties to complete discovery.

As demonstrated above, the parties have been exceptionally courteous and cooperative with each other as well as diligent in attempting to meet the deadlines. The Parties have met and conferred as well as considered in these meetings means to narrow and clarify as best as possible areas of inquiry for the Rule 30(b)(6) depositions. As agreed, the Parties have also been supplementing discovery accordingly. An extension for additional time of 45 days will allow the Parties to continue progressing and moving forward.[1]

The Parties are also entertaining a dialogue for settlement discussions.

All Parties are being diligent in the discovery process and Counsels have, in good faith, estimated the amount of additional time based on where the Parties' and Counsels' schedules were for each respective request.

Therefore, the Parties stipulate and agree that good cause exists to extend the discovery deadlines as demonstrated above.

    e) The Parties propose the following extensions:

  1. **Discovery Cutoff Date**: The Parties stipulate to 45 days extension to complete discovery. Discovery will thus cut off on **June 10, 2022**.

  2. **Dispositive Motions**: The Parties will have until **July 15, 2022,** to file dispositive motions.

---

[1] *Ansara v. Maldonado*, 2:19-CV-01394-GMN-VCF, at *1 (D. Nev. Aug. 25, 2021)(Order Granting Stipulation for Extension of Time (third request)) (citing *Nutton v. Sunset Station , Inc* ., Nev. Adv. Rep. 34, 357 P.3d 966, 971 (Nev. App. 2015), ("Good cause is established by showing that the current deadline cannot be met despite the requesting party's diligence in attempting to meet said deadline. Diligence in attempting to meet a deadline may be determined by considering the explanation for the untimely conduct; the importance of the requested untimely action; the potential prejudice in allowing the untimely conduct; and the availability of a continuance to cure such prejudice.")).

3.  **Pretrial Order**: The parties will prepare a Joint Pre-Trial Order on or before **August 14, 2022**, which is not more than 30 days after the date set for filing dispositive motions. This deadline will be suspended if dispositive motions are timely filed until 30 days after the decision of the dispositive motions or until further order of the Court. The disclosures required by Rule 26(a)(3) and any objections thereto must be included in the joint pre-trial order.

Dated: April 25, 2022

| | |
|---|---|
| */s/Jon Pearson* | /s/*Theresa Mains* |
| Jon T. Pearson | Theresa Mains |
| Jenapher Lin | Jeffrey J. Whitehead |
| HOLLAND & HART LLP | WHITEHEAD & BURNETT |
| 9555 Hillwood Drive, 2nd Floor | 6980 O'Bannon Drive |
| Las Vegas, NV 89134 | Las Vegas, NV 89117 |
| | |
| *Counsel for Plaintiff-Counterdefendant NLRK LLC* | *Counsel for Defendants-Counterclaimants Indoor Ag-Con LLC; Nancy Hallberg; Kris Sieradzki; and Brian Sullivan* |

**Order**

**IT IS SO ORDERED**.

_____
U.S. MAGISTRATE JUDGE

Dated: May 5, 2022